IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAUREEN E. LEYVA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-041-RGA |
| ANDREW SAUL, Commissioner of Social Security, | : |
| Defendant. | : |

## MEMORANDUM OPINION

Maureen E. Leyva, Wilmington, Delaware; Pro Se Plaintiff.

Brian C. O'Donnell, Acting Regional Chief Counsel, Region III, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania; David C. Weiss, United States Attorney for the District of Delaware, Wilmington, Delaware; Heather Benderson, Special Assistant United States Attorney, Office of the General Counsel, Philadelphia, Pennsylvania, Attorneys for Defendant.

January 21, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Maureen E. Leyva, who appears *pro se*, appeals the decision of Defendant Andrew Saul, Commissioner of Social Security, denying her request for withdrawal of her application for retirement benefits. Jurisdiction exists pursuant to 42 U.S.C. § 405(g). Pending before the Court are cross motions for summary judgment filed by Plaintiff and the Commissioner. (D.I. 13, 14). Briefing is complete.

I. **BACKGROUND**

A. **Procedural History**

On October 15, 2012, Plaintiff applied for retirement insurance benefits under Title II of the Social Security on October 15, 2012. (D.I. 11 at 15). On October 20, 2012, the Social Security Administration sent her a notice of award that she was "entitled to monthly retirement benefits beginning June 2012." (*Id.* at 22). On February 9, 2015, Plaintiff filed a request dated Feb. 5, 2015, for withdrawal of her application for retirement benefits. (*Id.* at 27). Plaintiff was notified on April 22, 2015, that her request to withdraw her application for retirement benefits was denied as untimely. (*Id.* at 30).

Plaintiff sought reconsideration of the denial of the request to withdraw the application, which was denied. (*Id.* at 32-37). Plaintiff then requested a hearing by an administrative law judge, and the hearing was held on December 13, 2018. (*Id.* at 38, 115-38). The ALJ issued a decision on February 4, 2019 and denied Plaintiff's request to withdraw her application for retirement benefits as untimely. (*Id.* at 11-13). Plaintiff requested a review of the hearing decision and, on December 5, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making it the final

decision. (*Id.* at 2-4, 111-12). On January 13, 2020, Plaintiff commenced this action seeking judicial review of the ALJ's decision. (D.I. 1).

### B. Administrative Hearing

At the administrative hearing, Plaintiff testified that she appealed the decision to deny her request to withdraw her application for retirement benefits because she was never told about the 12-month time limit to file a withdrawal for application of benefits (D.I. 11 at 120). At the time of her application in 2012, she was in a financial situation when the Commonwealth of Pennsylvania stopped her unemployment compensation, although it later acknowledged that she had a right to receive it. (*Id.* at 123). Plaintiff testified that she would not have decided to apply for retirement "had other circumstances occurred properly." (*Id.* at 123). She testified that she submitted forms in 2012 thinking of retirement, and then received a statement of what she had earned, and a third statement of what she would get, yet none of the documents made mention about the deadline to withdraw. (*Id.* at 123, 125). Plaintiff testified that she does not recall being questioned about her finances and did not think the issue came up. (*Id.* at 132)

Barbara Derby, a claims technical expert, provided testimony about the requirements of withdrawing an application for benefits within 12 months of entitlement. (*Id.* at 126). She explained that in 2010 the law changed the requirements to withdraw an application for benefits. (*Id.*). Derby's testified there is nothing in the law or policies that required SSA to inform recipients of retirement benefits about the 12-month time limit on requests for withdrawal. (*Id.* at 127-33). Derby testified there is no requirement to advise a claimant about the 12-month withdrawal deadline and there is

nothing expressly in the Program Operation Manual System (POMS) that requires giving the 12-month notice to claimants. (*Id.* at 126, 129). Derby testified that the claimant would be advised about the 12-month requirement if it was apparent it "would be disadvantageous for them to file an application and realizing they may go back to work or something with a short period time." (*Id.* at 127-28). She also testified that the 12-month notice requirement would not be brought to a claimant's attention unless the claimant said something that alerted the SSA employee that it may not be in the best interest of the claimant to file. (*Id.*). Derby testified that under normal circumstances, the 12-month withdrawal requirement would not be brought to the claimant's attention. (*Id.*).

### C.  The ALJ's Decision

The ALJ made the following facts and conclusions of law:

1. The last day Plaintiff could withdraw her application for retirement insurance benefits was June 30, 2013. (D.I. 11 at 12); *See* 20 C.F.R. 404.640(c); POMS GN 00206.001B.

2. Plaintiff's request to withdraw her application for retirement benefits on February 9, 2015 was untimely filed. (D.I. 11 at 12).

3. The Social Security Administration was not required to notify Plaintiff about the deadline to timely file a request to withdraw her application for retirement insurance benefits. (*Id.* at 12-13).

Based upon his findings of facts and conclusions of law, the ALJ found that Plaintiff could not withdraw her application for retirement insurance benefits because her request to withdraw her application was untimely. (*Id.* at 13).

### II.  LEGAL STANDARD

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Court must determine whether the ALJ's findings are supported

by "substantial evidence" and whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *see Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence does not mean a large or a considerable amount of evidence. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Rather, it has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The reviewing court may not set aside the Commissioner's final decision if it is supported by substantial evidence, even if the court would have reached different factual conclusions. *Hartranft*, 181 F.3d at 360. "However, even if the [Commissioner's] factual findings are supported by substantial evidence, [a court] may review whether the [Commissioner], in making his findings, applied the correct legal standards to the facts presented." *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983) (internal quotation omitted). Finally, an ALJ's decision can only be reviewed by a court based on the evidence that was before the ALJ at the time he made his decision. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001).

## III. DISCUSSION

Plaintiff filed her Complaint *pro se*. Therefore, the Court must liberally construe her pleadings, and "apply the applicable law, irrespective of whether she has mentioned it by name." *Holley v. Department of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999).

Plaintiff raises two issues: (1) she did not receive notification of the limiting the time during which she could withdraw her application for Social Security benefits when

she requested benefits in October 2012; and (2) the government incorrectly denied her unemployment benefits. (D.I. 13 at 1-2). The issue of whether Plaintiff's unemployment benefits were incorrectly denied will not be addressed as it appears to involve the Commonwealth of Pennsylvania and does not fall within the purview of 42 U.S.C. § 405(g).

### A. Substantial Evidence

Substantial evidence supports the ALJ's finding that the SSA was not required to notify Plaintiff of the deadline to file an application to withdraw her application for retirement insurance benefits and that the application was not timely filed. A claimant can only withdraw an application for retirement benefits within twelve months of the first month of entitlement to benefits and when the claimant has not previously withdrawn an application for benefits. See 20 C.F.R. § 404.640(b)(4). This regulation went into effect on December 9, 2010. See Terwilleger v. Commissioner of Soc. Sec., 2019 WL 336877, at *2 (S.D. Ohio Jan. 28, 2019). The time limit begins the first month after the date of entitlement, and ends on the last day of the twelfth month after the date of entitlement. See POMS GN 00206.001B, Time Withdrawal of a Title II Benefit Application at https://secure.ssa.gov/apps10/poms.nsf/lnx/0200206001.

Plaintiff filed an application for retirement insurance benefits on October 15, 2012 and was entitled to retirement insurance benefits dating back to June 2012. (D.I. at 11 at 22). As a result, she had until June 30, 2013 to withdraw her application for benefits. Plaintiff did not file the request for withdrawal of application until February 9, 2015, which was more than a year too late. (Id. at 27).

While Plaintiff asserts the SSA was required to notify her of the time limit, no evidence of record supports her position. The record reflects that the regulation was amended effective December 2010. Plaintiff filed her application for retirement insurance benefits in October 2012, almost two years after the regulation was amended. She then waited until February 9, 2015 to request withdrawal of the application, far outside the 12-month time-frame permitted by 20 C.F.R. § 404.640(b)(4).

Nothing, under either the law or SSA's policies, requires SSA to inform recipients about the 12-month time limit on requests to withdraw applications for retirement insurance benefits. The Court is mindful of Plaintiff's position that the SSA should have given her notice of this requirements, yet the SSA is bound to enforce it regulations even when a claimant has no knowledge of the regulation.[1]

The Court finds that substantial evidence supports the ALJ's finding that Plaintiff's request to withdraw her application was untimely and, therefore, could not be granted. The SSA was not required to notify Plaintiff about the deadline to withdraw her application for retirement insurance benefits.

**B.     Sentence Six Remand**

Pursuant to 42 U.S.C. § 405(g), sentence six, this Court may order a remand based upon evidence submitted after the ALJ's decision, but only if the evidence meets three requirements: (1) the evidence is new; (2) the evidence is material; and

---

[1] Plaintiff does not contend that she is entitled to relief under the principles of equitable estoppel. Even had she raised this theory as a basis for relief, courts have consistently declined to provide relief under this theory. *See Tipadis v. Commissioner of Soc. Sec.*, 284 F. Supp. 3d 517, 523 (S.D.N.Y. 2018) (citing cases) *Accord, Henry v. Commissioner of Soc. Sec.*, 2010 WL 11523750, at *8 (D. Vt. July 26, 2010), *aff'd*, 456 F. App'x 13 (2d Cir. 2011).

(3) there was good cause why it was not previously presented to the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 593-94 (3d Cir. 2001).

Plaintiff submitted additional documents with her brief including a 2012 Social Security statement, an October 20, 2012 notice of award, documents related to an unemployment claim filed in Pennsylvania, and a 2012 federal tax return. (*See* D.I. 13). She states that the record of proceedings does not include these documents. (*Id.* at 1).

The Court may not consider the evidence because it is not new and was in existence prior to the time Plaintiff sought review by the ALJ.[2] The remaining evidence (*i.e.*, SSA's Publication 05-10054 and unemployment compensation documents) are not material to the issue of the denial of Plaintiff's request to withdraw her application for retirement insurance benefits or whether the SSA was required to provide notice. Finally, Plaintiff has failed to provide good cause for her failure to submit the material to the ALJ. Accordingly, the Court finds no basis to remand pursuant to the sixth sentence of 42 U.S.C. § 405(g).

## IV.   CONCLUSION

For the reasons discussed above, the Court will:  (1) deny Plaintiff's motion for summary judgment (D.I. 13); and (2) grant the Commissioner's cross-motion for summary judgment (D.I. 14).

A separate order will be entered.

---

[2] Some of the evidence appears in the record and, therefore, was considered. (*Compare* D.I. 11 at 22-25 with D.I. 13 at 7-10).